**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SUNBELT RENTALS, INC.,

      Plaintiffs,

v.                                                    Case No. 6:26-CV-00515

OLIVER JOSEPH, ET AL.,

      Defendants.

_____

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

Defendants BrandSafway LLC, BrandSafway Industries, LLC, BrandSafway Services, LLC, and BrandSafway Solutions, LLC ("BrandSafway Defendants") and Oliver Joseph ("Joseph," with BrandSafway Defendants are collectively referred to as "Defendants") request the Court not issue any Scheduling Order or case management deadlines until a ruling on Defendants' pending motion to dismiss (Dkt. 31) so that the parties can understand the claims at issue and the parties involved in this case. Furthermore, any remaining Defendants in this action intend to assert and file counterclaims in response to Plaintiff's complaint. As a result, Defendants maintain a Case Management Report, at this stage, is premature.

Plaintiff disagrees with Defendants and requests that the Court enter a Scheduling Order with case management deadlines while both Defendants' Motion to Dismiss is pending and Plaintiff's Motion for a Preliminary Injunction is pending.

If the Court prefers to enter a Case Management Report at this time, the Parties set forth below their proposal for the Court's consideration:

### 1. Date and Attendees

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 5/28/2026. Ivo Becica, Christopher Kurek, and Travis Cashbaugh attended the conference.

### 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | | Date |
|---|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | | 8/10/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | | 8/31/2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff | 10/30/2026 |
| | Defendant | 11/30/2026 |
| | Rebuttal | 12/31/2026 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | 1/29/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | 2/26/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. <br> Enter mediator's name, address, and phone number. | | 8/31/2026 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | 30 days after the ruling on any dispositive motion. |

2

| | |
|---|---|
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 14 days after the final pretrial meeting. |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 14 days after the filing of the joint final pretrial statement. |
| Month and year of the trial term. | 30 days after final pretrial conference. |

The trial will last approximately 5 days and be

☒ jury.

☐ non-jury.

Plaintiff did not request a jury trial when filing its Complaint. When and if Defendants file a Counterclaim and seek a jury trial, the parties agree to revisit this issue.

## 3. Description of the Action

SUNBELT ALLEGES THAT DEFENDANT, OLIVER JOSEPH, VIOLATED RESTRICTIVE COVENANTS CONTAINED IN HIS EMPLOYMENT AGREEMENT AFTER LEAVING EMPLOYMENT WITH SUNBELT AND STARTING WORKING WITH A DIRECT COMPETITOR, BRANDSAFWAY SOLUTIONS, LLC. SUNBELT FURTHER ALLEGES THAT MR. JOSEPH HAS TORTIOUSLY INTERFERED WITH SUNBELT'S BUSINESS RELATIONS AND HAS BEEN UNJUSTLY ENRICHED.

SUNBELT ALLEGES THAT DEFENDANTS, BRANDSAFWAY LLC, BRANDSAFWAY INDUSTRIES, LLC, BRANDSAFWAY SERVICES LLC, AND BRANDSAFWAY SOLUTIONS, LLC ("CORPORATE DEFENDANTS") HAVE TORTIOUSLY INTERFERED WITH SUNBELT'S BUSINESS RELATIONS AND BEEN UNJUSTLY ENRICHED THROUGH ITS EMPLOYMENT OF MR. JOSEPH. DEFENDANTS DENY ALL OF PLAINTIFF'S CLAIMS.[*]

---

[*] Defendants reserve the right to file counterclaims at the appropriate time that may provide additional descriptions of this action.

3

4.  **Disclosure Statement**

☒ Each party has filed a disclosure statement using the required form.

5.  **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6.  **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7.  **Preliminary Pretrial Conference**

☐ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☒ The parties do request a preliminary pretrial conference, and the parties want to discuss Plaintiff's pending Motion for a Preliminary Injunction. Defendants do not believe it is necessary for the Court to hold a preliminary pretrial conference, but Defendants do not object to Plaintiff's request for the same. If the Court does hold a preliminary pretrial conference, Defendants request discussion of all pending motions as well as scheduling deadlines in this matter.

## 8.  Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒  The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9.  Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

    ☒  Yes.
    ☐  No; instead, the parties agree to these changes: enter changes.

B.  Discovery may be needed on these subjects: Defendant Joseph's sales territory, communications, directly and indirectly, with Sunbelt existing and prospective clients, business brought in by Mr. Joseph, Mr. Joseph's commissions, bonuses, and other compensation, and all aspects of Mr. Joseph's job responsibilities with Corporate Defendants. Discovery will be necessary from Corporate Defendants regarding contracts and sales to Sunbelt's existing and prospective clients, how and who were involved in procuring and expanding business from Sunbelt's clients named in the Complaint, the earnings and profits relating to those contracts and all communications with Sunbelt's existing and prospective clients since Mr. Joseph's employment began. Discovery will also be needed on any and all allegations in Plaintiff's first amended complaint and Defendants' defenses thereto, including but not limited to Joseph's employment with Sunbelt; Sunbelt's compensation practices, including documents and information regarding Joseph's earned but unpaid commissions, commission calculations, and the May 2025 disciplinary suspension affecting Joeph's pay; Sunbelt's alleged legitimate business interests; Sunbelt's customer relationships with those customers identified in the Complaint; all aspects of Sunbelt's alleged damages; Sunbelt's efforts to mitigate said damages, if any; and discovery on any and all counterclaims asserted by Defendants.

C.   Discovery should be conducted in phases:

☒   No.
□   Yes;

D.   Are there issues about disclosure, discovery, or preservation of electronically stored information?

□   No.
☒   Yes; Defendants believe that discovery should not commence and that scheduling deadlines should not be established until the Court rules on Defendants' pending motion to dismiss, establishing the claims at issue and the parties involved in this litigation.

Plaintiff believes discovery should commence immediately after the scheduling conference.

E.   ☒   The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence:

The Parties propose entering a Joint Confidentiality Agreement relating to potential confidential information to be produced during the course of discovery, including provisions relating to the asserting claims of confidentiality and privilege of documents after production by either party..

F.   The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒   No.
□   Yes; describe the stipulation.

## 10. Request for Special Handling

☒   The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

/s/ Christopher Kurek                                            Dated: May 29, 2026
Ivo J. Becica (*pro hac vice granted*)
Michael S. Pepperman (*pro hac vice granted*)
Christopher M. Kurek (*pro hac vice granted*)
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102-2101
215.665.3092
215.665.3165 fax
Ivo.becica@obermayer.com
Michael.pepperman@obermayer.com
Christopher.kurek@obermayer.com
Attorneys for Plaintiff, Sunbelt Rentals


/s/ Travis Cashbaugh                                            Dated: May 29, 2026
Robert C. Stevens (*pro hac vice granted)*
Georgia Bar No. 680142
bstevens@seyfarth.com
Travis M. Cashbaugh (*pro hac vice granted*)
Georgia Bar No. 380162
tcashbaugh@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree St. NE, Suite 2500
Atlanta, GA 30309-3958
Telephone: (404) 885-1500
Facsimile:(404) 892-7056
*Attorneys for Defendants*