# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

SUNBELT RENTALS, INC.,

      Plaintiff,

    v.

OLIVER JOSEPH, BRANDSAFWAY
LLC, BRANDSAFWAY INDUSTRIES
LLC, BRANDSAFWAY SERVICES
LLC, and BRANDSAFWAY
SOLUTIONS, LLC,

      Defendants.

CIVIL ACTION NO.: 6:26-CV-00515-JSS-NWH

## DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

Defendants Oliver Joseph ("Joseph"), BrandSafway LLC, BrandSafway Industries, LLC, BrandSafway Services, LLC, and BrandSafway Solutions, LLC (collectively referred to as "BrandSafway" or the "BrandSafway Defendants"), by their attorneys and pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Local Rule 3.01, hereby file this Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint.  In support of this motion, Defendants state as follows:

1.    On March 6, 2026, Plaintiff initiated this action by filing its Complaint. (Dkt. 1.) On the same day, Plaintiff filed its Motion for Preliminary Injunction and Supporting Memorandum of Law. (Dkt. 2).

2.     On March 27, 2026, the Court, *sua sponte*, dismissed without prejudice Plaintiff's Complaint as a shotgun pleading. (Dkt. 28). As a result, the Court denied Plaintiff's Motion for Preliminary Injunction due to the absence of a "properly-filed complaint." (Dkt. 28).

3.     Following the Court's March 27, 2026, Order, Plaintiff filed its First Amended Complaint for Damages and Injunctive Relief. (Dkt. 29). Plaintiff also filed its Amended Motion for Preliminary Injunction and Supporting Memorandum of Law. (Dkt. 30.)

4.     On April 16, 2026, Defendants made their appearance in this case. More specifically, on April 16, 2026, Defendants filed: (1) Defendants' Motion to Dismiss Plaintiff's Complaint and Alternatively Motion for More Definitive Statement (Dkt. 31); and (2) Defendants' Motion for Extension of Time to File Response to Plaintiff's Amended Motion for Preliminary Injunction. (Dkt. 32.)

5.     On June 2, 2026, the Cout denied Defendants' motion to dismiss. (Dkt. 53.) Accordingly, pursuant to Fed. R. Civ. P. 12(a)(4)(A), Defendants responsive pleadings to Plaintiff's First Amended Complaint are due on or before June 16, 2026.

6.     Since June 2, 2026, the Parties have renewed settlement discussions in an effort to resolve this matter. Additionally, Defendants are still investigating Plaintiff's allegations and obtaining documents and information needed to respond to Plaintiff's claims and counsel needs additional time to confer with their clients.

2

Plaintiff's counsel and Defendants' counsel also need additional time to discuss the possibilities for a prompt settlement or resolution of the case.

7.      Accordingly, Defendants seek, and Plaintiff does not oppose, an extension of time, up to and including July 16, 2026, to answer or otherwise respond to Plaintiff's Complaint.

8.      This motion is filed in good faith and prior to the expiration of the initial responsive pleading deadline.  Defendants have not made a previous request for an extension of time to file their responsive pleadings in response to Plaintiff's Complaint in this action.  This motion is not intended to delay or obstruct the progress of this case.  No party will be prejudiced by granting the requested relief.

9.      WHEREFORE, based on the foregoing, Defendants respectfully requests an extension of time, through and including July 16, 2026, to file their answer or otherwise respond to Plaintiff's Complaint.

## **MEMORANDUM OF LAW**

Rule 6(b) provides that the Court may grant extensions of time at any time in its discretion for cause shown. Fed. R. Civ. P. 6(b). Where, as here, the request for extension is made prior to the expiration of the specified of time, no finding of excusable neglect is required.  *Id.*  Defendants respectfully submit that good cause has been shown because the extension is requested in order to thoroughly review Plaintiff's allegations in the Complaint and to consolidate the responsive pleading

deadlines for all Defendants.

## RULE 3.01 CERTIFICATION

On June 11, 2026, Defendants' counsel conferred with Plaintiff's counsel regarding the basis for this request and Defendants need for an extension of time. Plaintiff's counsel has no objection to the requested extension.

Respectfully submitted,

By: */s/ Nicholas L. Sellars*
     Nicholas L. Sellars
     Florida Bar No. 0119379
     nsellars@petersonmyers.com
     Stephen R. Senn
     Florida Bar No. 0833878
     ssenn@petersonmyers.com
     PETERSON & MYERS, P.A.
     Post Office Box 24628
     Lakeland, FL 33802-4628
     Telephone: (863) 863-6511

By: */s/ Robert C. Stevens*
     Robert C. Stevens*
     Georgia Bar No. 680142
     bstevens@seyfarth.com
     Travis M. Cashbaugh*
     Georgia Bar No. 380162
     tcashbaugh@seyfarth.com
     SEYFARTH SHAW LLP
     1075 Peachtree St. NE, Suite 2500
     Atlanta, GA 30309-3958
     Telephone: (404) 885-1500
     Facsimile:(404) 892-7056

     *Admitted *pro hac vice*

     *Attorneys for Defendants*

5

## CERTIFICATE OF SERVICE

I hereby certify that, on June 12, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all counsel of record.

/s/ *Nicholas L. Sellars*

Nicholas L. Sellars
*Attorney for Defendants*